### George Harkrider v. The State.

#### No. 3288.    Decided October 25, 1905.

**Local Option—Notice of Appeal—Recognizance.**

In a misdemeanor case an appeal can only be taken by entering notice of appeal and recognizance upon the minutes of the court during the term of the court at which' conviction occurred, which cannot be done at a subsequent term.

Appeal from the County Court of Titus.    Tried below before Hon. Sed. F. Caldwell.

Appeal from a conviction of violating the local option lay; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Ralston, Ward & Hutchings,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law.    In the record is what purports to be a statement of facts and bill of exceptions, but according to this record neither are filed in the trial court.    Both instruments were approved by the county judge after the adjournment of the term.    As the statement of facts and bill of exceptions are presented we cannot consider them.    Without the consideration of these two instruments, this judgment must be affirmed.

*Affirmed.*

#### ON REHEARING.

#### December 13, 1905.

DAVIDSON, Presiding Judge.—This case was affirmed at a former day of the term—the statement of facts and bill of exceptions not being considered because not filed.    Motion for rehearing has been filed.    The facts in this connection show that the term of court adjourned on September 23, and notice of appeal was given; recognizance entered into, and an order requested for twenty days after the adjournment of the term in which to file statement of facts and bills of exception.    The court overlooked entering the notice of appeal on his docket, and it was not carried into the minutes.    Neither is there any entry on the docket or on the minutes of the recognizance or twenty day order in which to file statement of facts and bills of exception.    Motion is now made by appellant to continue the case so that at the next term of the county court all of these orders may be entered nunc pro tunc.    The Assistant Attorney-General meets this request with a motion to dismiss the appeal.    Our statute provides (articles 882 and 883, Code

Criminal Procedure) that notice of appeal and recognizance must be entered upon the minutes during the term of the court at which conviction occurred, and cannot be done at a subsequent term. The authorities are numerous to this effect. (Clark v. State, 3 Texas Crim. App., 338.) The judgment of affirmance is set aside, because the jurisdiction of this court did not attach, for want of the record on the minutes of the court below of the notice of appeal and recognizance, and the motion of the Assistant Attorney-General is sustained. The appeal is dismissed.

*Dismissed.*